UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| FOREST CONAN KINGCADE, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-165-NAB |
| BOB HOLDER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff Forest Conan Kingcade, formerly an inmate at the Dunklin County Jail, to proceed in this Court without prepaying fees and costs. The Court has reviewed the application and the financial information therein, and has determined to grant it. Additionally, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Sheriff Bob Holder, Deputy Sheriff Walley Pointer, and Jail Administrator Nicole Unknown. He sues the defendants in their individual capacities. His claims arise from events that occurred when he was a pretrial detainee at the Dunklin County Justice Center.

The complaint contains three counts. Count I is titled "Sleeping [on the] The Floor." Plaintiff alleges he was placed in custody at the Dunklin County Justice Center on August 26, 2019, sent to a resident pod, and given a dirty, torn mat that lacked adequate padding and "had [an] odor to it." Plaintiff alleges that federal law requires jails to provide sleeping boats for detainees, and the defendants are "higher officials" of the jail who, collectively, "knowingly" knew there were no sleeping boats. Count II is titled "Black Mold Breathing Into Lungs." Plaintiff alleges that on September 5, 2019, he awoke with a headache, sore throat, and shortness

2

of breath. He requested medical care and was told he would be put in for sick call, but never saw a doctor. On September 7, 2019, he saw a substance he assumed was black mold in the shower, air vents, walls and beds. He alleges the defendants are "higher officials" of the jail who, collectively, "knowingly" knew about the mold. Count III is titled "Emergency Call Button." Plaintiff alleges he had a headache and chest pain at approximately 2:00 a.m. on September 9, 2019. His cellmates noticed he was in pain, so they kicked the cell door and a guard came. However, plaintiff was not given medical treatment. Plaintiff alleges the defendants are "higher officials" of the jail who, collectively, "knowingly" knew the cells lacked emergency call buttons. In each count, plaintiff states that the defendants acted with evil and/or malicious intent. He seeks monetary relief.

The case at bar is one of six civil rights actions that plaintiff has filed in this Court *pro se* and *in forma pauperis* since 2011. Most recently, in *Kingcade v. Holder,* No. 1:18-cv-285-CDP (E.D. Mo. 2018), plaintiff sued Sheriff Holder for violating his constitutional rights during a term of incarceration at the Dunklin County Jail. Specifically, plaintiff alleged the conditions at the jail violated his constitutional rights because he was forced to sleep in a cell with four other inmates, he slept near the toilet, the cells lacked emergency call buttons, and there was mold in the facility. The Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B) after determining, *inter alia*, that plaintiff's allegations failed to establish the personal responsibility of the defendant.

## Discussion

In all three of plaintiff's claims, he alleges he was subjected to unconstitutional conditions of confinement. Because plaintiff was a pretrial detainee at the time in question, his claims are analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *Stickley v. Byrd,* 703 F.3d 421, 423 (8th Cir. 2013) (citing *Morris v. Zefferi,* 601 F.3d 805, 809

(8th Cir. 2010)); *see also Davis v. Oregon County, Missouri,* 607 F.3d 543, 548 (8th Cir. 2010) (citing *Kahle v. Leonard,* 477 F.3d 544, 550 (8th Cir. 2007)). However, the Fourteenth Amendment affords "at least as great" protection to pretrial detainees as the Eighth Amendment affords to convicted prisoners. *Stickley,* 703 F.3d at 421. Courts have therefore consistently applied the Eighth Amendment deliberate indifference standard to pretrial detainee claims involving prison conditions. *Jackson v. Buckman,* 756 F.3d 1060, 1065 (8th Cir. 2014).

A pretrial detainee's conditions of confinement are unconstitutional if they amount to punishment. *Stickley,* 703 F.3d at 423 (citing *Morris,* 601 F.3d at 809). To state a plausible conditions-of-confinement claim, plaintiff must demonstrate both an objective and a subjective element. To satisfy the objective element, plaintiff must demonstrate he was confined in conditions that were sufficiently serious to pose a substantial risk of serious harm or deny him "the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994), *Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019). The duration of the exposure to the conditions and the harm suffered are key facts in determining whether this element has been satisfied. *Tokar v. Armontrout,* 97 F.3d 1078, 1082 (8th Cir. 1996); *Whitnack v. Douglas Cty.,* 16 F.3d 954, 958 (8th Cir. 1994). To satisfy the subjective element, plaintiff must demonstrate that the defendant acted with deliberate indifference to his health or safety, meaning that the defendant actually knew of and disregarded the risk. *Farmer,* 511 U.S. at 834, *Williams v. Delo,* 49 F.3d 442, 445 (8th Cir. 1995).

Here, plaintiff's allegations do not demonstrate the objective element. Plaintiff alleges he was required to sleep on the floor on an unpleasant and uncomfortable mattress on August 26, 2019. Despite plaintiff's contention, it is not *per se* unconstitutional to require a detainee to sleep on the floor instead of in some sort of elevated bed. *Ferguson v. Cape Girardeau County,* 88 F.3d 647, 650 (8th Cir. 1996). Additionally, plaintiff's allegations establish he was subjected to

4

the conditions only on August 26, 2019, a very short period of time in cases involving sleeping conditions. *See id.* (no constitutional violation where prisoner was forced to sleep on the floor on a mat, under constant bright lights, for fourteen days, a period of "relative short duration"); *see also Stickley*, 703 F.3d at 423-24 (citing with approval cases finding that certain deprivations did not amount to constitutional violations, including being subjected to an overflowing toilet for four days, and a four or five-day deprivation of toilet paper, clothes, running water, hygiene supplies, a blanket, and a mattress); *Goldman v. Forbus*, 17 F. App'x 487, 488 (8th Cir. 2001) (six nights sleeping on a floor where he was often sprinkled with urine did not rise to the level of a constitutional violation).

Next, plaintiff alleges he was housed in a cell without a call button on September 9, 2019. While plaintiff alleges he had a headache and chest pain on that date, he fails to allege facts tending to show that the lack of a call button jeopardized his health or safety. Instead, plaintiff's allegations establish that he did not receive medical treatment after other means were used to summon a guard. Plaintiff does not cite, nor is the Court aware, of Eighth Circuit precedent supporting the conclusion that the absence of a functioning call button in a cell is *per se* unconstitutional, and other courts specifically addressing the issue have held it is not. *See Garner v. City of Philadelphia*, 2013 WL 4401327 at *6 (E.D. Pa. Aug. 16, 2013) ("Although panic buttons may offer inmates additional safety and protection, we cannot find that active panic buttons constitute a 'minimal civilized measure of life's necessities' . . ."); *Torres v. Wright*, 2018 WL 1175408 at *4 (D. Conn. Mar. 6, 2018) (prisoners do not have a constitutional right to a cell equipped with an emergency call button); *Price v. Bailey*, 2009 WL 198962 at *3 (E.D. Mich. Jan. 26, 2009) (the failure to provide an emergency call button does not amount to deliberate indifference). As an additional matter, the Court notes that plaintiff's allegations fail to

state a claim of deliberate indifference to serious medical needs against any named defendant or the guard.

Finally, plaintiff alleges he saw a substance he assumed was "black mold" on September 7, 2019. However, he offers no non-conclusory allegations permitting the inference that the substance he saw was actually toxic, or even that the symptoms he described were attributable to exposure to a toxic substance. At most, plaintiff's allegations establish that there was mold and/or mildew in the facility. However, mere exposure to mold or mildew does not amount to an excessive risk to health or safety, as required to state a claim premised upon unconstitutional conditions of confinement. *Jordan v. Franks,* 2010 WL 4007641, at *2 (S.D. Ga. Aug. 30, 2010), *see also Batiste v. Madison Parish Sheriff's Office*, 2007 WL 2263077 at *2–3 (W.D. La. Jun. 22, 2007) (no constitutional claim where plaintiff was exposed to mold and mildew for eight months absent some showing that he suffered actual physical harm attributable to the exposure).

In sum, plaintiff's allegations establish at most that he was confined in unpleasant, uncomfortable, or unsanitary conditions. Such allegations do not permit the inference that he was confined in conditions that were sufficiently serious to pose a substantial risk of serious harm or deny him "the minimal civilized measure of life's necessities," as required to satisfy the objective element of a claim premised upon unconstitutional conditions of confinement. Even if plaintiff had so demonstrated, his claims would fail because he has not demonstrated that any defendant acted with deliberate indifference to his health or safety. Plaintiff's conclusory statements that the defendant were "higher officials" of the jail who, collectively, "knowingly" knew of the conditions and had evil motives are insufficient to establish they were actually aware of the allegedly unconstitutional conditions and deliberately disregarded the risk. Instead, plaintiff's allegations sound in *respondeat superior*, which is not actionable in § 1983 actions. *See Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 30th day of January, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE